UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

ROBINSON A. CASTRO,
and other similarly situated individuals,

      Plaintiff (s)

v.

GIANNINO'S LLC,
d/b/a DAL CONTADINO TRATTORIA

      Defendants.

_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ROBINSON A. CASTRO, by and through the undersigned counsel, and hereby sues Defendants GIANNINO'S LLC, d/b/a DAL CONTADINO TRATTORIA, and FILOMENO GIANNINO, individually and alleges:

1. This is an action to recover money damages for unpaid regular and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement).

2. Plaintiff ROBINSON A. CASTRO (hereinafter ROBINSON A. CASTRO, or Plaintiff) is a resident of Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant GIANNINO'S LLC, d/b/a DAL CONTADINO TRATTORIA, (hereinafter GIANNINO'S TRATTORIA, or Defendant) is a Florida corporation which has place of

business within the jurisdiction of this Court.  At all times, Defendants was and is engaged in interstate commerce.

4.  The individual Defendant FILOMENO GIANNINO a//k/a Nucio Giannino was and is now, the owner/president/and operator of GIANNINO'S TRATTORIA . This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5.  All the actions raised in this complaint took place in Fort Lauderdale, Broward County Florida, within the jurisdiction of this Court.

### ALLEGATIONS COMMON TO ALL COUNTS

6.  This cause of action is brought by Plaintiff as a collective action to recover from Defendants regular and overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and  former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after March 2019 (the "material time") without being compensated overtime wages pursuant to the FLSA.

7.  Corporate Defendant GIANNINO'S TRATTORIA is an Italian restaurant located at which operates under the name GIANNINO'S TRATTORIA.  Plaintiff worked in the restaurant, located at 2775 East Oakland Park Blvd., Fort Lauderdale, Florida 33306, where Plaintiff worked.

8.  Defendants  GIANNINO'S  TRATTORIA  and  FILOMENO  GIANNINO  employed Plaintiff ROBINSON A. CASTRO as a full time, non-exempted salaried employee from on or about March 08, 2019, through approximately June 6, 2019, or 13 weeks.

9.  Plaintiff was hired as a line cook, and he was promised to be trained for Kitchen manager. Plaintiff was paid a salary of $1,425.00 weekly.

10. On or about May 5, 2019, Defendants reduced Plaintiff's salary to $1,052.00 weekly.

11. While employed by Defendants, Plaintiff worked exclusively as a line cook, and he had the regular duties of a line cook.

12. Plaintiff worked five (5) days per week a regular schedule. Usually, Plaintiff had Tuesdays and Wednesdays off, and he worked on Mondays from 2:00 PM to 11:00 PM (9 hours); on Thursdays Plaintiff worked from 2:00 PM to 11:00 PM (9 hours); on Fridays and Saturdays Plaintiff worked from 1:00 PM to 11:30 (10.5 hours each day); and on Sundays from 10:00 AM to 10:30 PM (12.5 hours). Thus, Plaintiff completed 51.5 hours every workweek. Plaintiff was unable to take bona-fide lunch time breaks.

13. Plaintiff worked in excess of 40 hours weekly regularly.  However, Defendants failed to pay Plaintiff overtime hours at the rate of time and a half his regular rate. Plaintiff was paid for all his working hours, but at his regular rate.

14. Plaintiff did not clock-in and out, but Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals, because Plaintiff worked under closed supervision and received orders from the owner of the business FILOMENO GIANNINO.

15. Therefore, Defendants willfully failed to pay Plaintiff at the rate of time and a half his regular rate for every hour in excess of forty, in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

16. Plaintiff was paid weekly with checks and paystubs that did not provide information about the number of days and hours worked.

17. On or about June 6, 2019, Defendants terminated Plaintiff's employment due to discriminatory reasons. Plaintiff is in the process of filing his Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

18. At the time of his termination Plaintiff was not paid for his last week of employment, or $1,052.00.

19. Plaintiff ROBINSON A. CASTRO seeks to recover one (1) week of regular wages, half-time unpaid overtime wages, liquidated damages, attorney fees and any other relief as allowable by law.

<u>**COUNT I:**</u>
<u>**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**</u>
<u>**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**</u>

20. Plaintiff ROBINSON A. CASTRO re-adopts every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21. This action is brought by Plaintiff and those similarly-situated to recover from the Employers GIANNINO'S TRATTORIA unpaid half-time overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half-time the regular rate at which he is employed."

22. At all times pertinent to this Complaint, Defendant GIANNINO'S TRATTORIA was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Defendant is a retail business performing as an Italian restaurant. At all

times, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from throughout the United States. At all times Defendant had more than two employees regularly engaged in interstate commerce The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies.  Therefore, there is FLSA enterprise coverage.

23. The Plaintiff's work for the Defendant likewise affected interstate commerce. Plaintiff was employed by an enterprise engaged in interstate commerce, and through his daily activities he regularly engaged in interstate commerce handling and working on goods and materials that have been produced for commerce and moved in interstate commerce at any stage of the business. Therefore, there is FLSA individual coverage.

24. Defendants GIANNINO'S TRATTORIA and FILOMENO GIANNINO employed Plaintiff ROBINSON A. CASTRO as a full time, non-exempted salaried employee from on or about March 08, 2019, through approximately June 6, 2019, or 13 weeks.

25. Plaintiff was hired as a line cook, and he was promised to be trained for Kitchen manager. Plaintiff was paid a salary of $1,425.00 weekly.

26. On or about May 5, 2019, Defendants reduced Plaintiff's salary to $1,052.00 weekly.

27. While employed by Defendants, Plaintiff worked exclusively as a line cook, and he had the regular duties of a line cook.

28. Plaintiff worked five (5) days per week a regular schedule of 51.5 hours weekly. Plaintiff was unable to take bona-fide lunch time breaks.

29. Plaintiff worked regularly in excess of 40 hours weekly. However, Defendants failed to pay Plaintiff overtime hours at the rate of time and a half his regular rate. Plaintiff was paid for all his working hours, but at his regular rate.

30. Plaintiff did not clock-in and out, but Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals, because Plaintiff worked under closed supervision and received orders from the owner of the business FILOMENO GIANNINO.

31. Therefore, Defendants willfully failed to pay Plaintiff at the rate of time and a half his regular rate for every hour in excess of forty, in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

32. Plaintiff was paid weekly with checks and paystubs that did not provide information about the number of days and hours worked.

33. The records, if any, concerning the number of hours worked by Plaintiff ROBINSON A. CASTRO, and all other similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

34. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

35. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a.   Total amount of alleged unpaid overtime wages:

        One Thousand Nine Hundred One Dollar and 00/100 ($1,901.00)

    b.   Calculation of such wages:

        Total relevant period of employment: 13 weeks
        Total hours worked: 51.5 hours weekly
        Total O/T hours: 11.5 O/T hours
        Total unpaid O/T hours: 11.5 O/T hours

**1.- Overtime for 9 weeks paid at $27.66 an hour**

Salary paid: $1,425.00 weekly: 51.5 hours= $27.66
Basic regular rate: $27.66 x 1.5 = 41.49 O/T rate
O/T rate: $41.49-$27.66 rate paid=$13.83 half-time O/T difference

Half-time O/T rate $13.83 x 11.5 O/T hours=$159.04 weekly
$159.04 weekly x 9 weeks = $1,431.36

**2.- Overtime for 4 weeks paid at $20.42 an hour**

Salary paid: $1,052.00 weekly: 51.5 hours= $20.42
Basic regular rate: $20.42 x 1.5 = 30.63 O/T rate
O/T rate: $30.63-$20.42 rate paid=$10.21 half-time O/T difference

Half-time O/T rate $10.21 x 11.5 O/T hours=$117.41 weekly
$117.41 weekly x 4 weeks = $469.64

Total 1 and 2= $1,901.00

    c.   Nature of wages (e.g. overtime or straight time):

        This amount represents the unpaid half-time overtime.

36. At all times material hereto, the Employers/Defendants GIANNINO'S TRATTORIA and FILOMENO GIANNINO failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

37. Defendants GIANNINO'S TRATTORIA and FILOMENO GIANNINO knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

38. At the times mentioned, individual Defendant FILOMENO GIANNINO was and is now, the owner/partner and operator of GIANNINO'S TRATTORIA. The Defendant FILOMENO GIANNINO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of GIANNINO'S TRATTORIA in relation to its employees, including Plaintiff and others similarly situated. Defendant FILOMENO GIANNINO had financial and operational control of the business, determined working conditions of Plaintiff, and is jointly and severally liable for Plaintiff's damages.

39. Defendants GIANNINO'S TRATTORIA and FILOMENO GIANNINO willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

40. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ROBINSON A. CASTRO and those similarly situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ROBINSON A. CASTRO and other similarly situated and against the Defendants GIANNINO'S TRATTORIA and FILOMENO GIANNINO based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ROBINSON A. CASTRO and those similarly situated demand trial by jury of all issues triable as of right by jury.

## COUNT II:
### F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

41. Plaintiff ROBINSON A. CASTRO re-adopts every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

42. This action is brought by Plaintiff ROBINSON A. CASTRO and those similarly-situated to recover from the Employers GIANNINO'S TRATTORIA and FILOMENO GIANNINO unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

43. At all times pertinent to this Complaint, Defendant GIANNINO'S TRATTORIA was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Defendant is a retail business performing as an Italian restaurant. At all times, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from throughout the United States. At all times Defendant had more than two employees regularly engaged in interstate commerce The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies.  Therefore, there is FLSA enterprise coverage.

44. The Plaintiff's work for the Defendant likewise affected interstate commerce. Plaintiff was employed by an enterprise engaged in interstate commerce, and through his daily activities he regularly engaged in interstate commerce handling and working on goods and materials that have been produced for commerce and moved in interstate commerce at any stage of the business. Therefore, there is FLSA individual coverage.

45. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

46. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

   (1) except as otherwise provided in this section, not less than—

   (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

   (B) $6.55 an hour, beginning 12 months after that 60th day; and

   (C) $7.25 an hour, beginning 24 months after that 60th day

47. Defendants GIANNINO'S TRATTORIA and FILOMENO GIANNINO employed Plaintiff ROBINSON A. CASTRO as a full time, non-exempted salaried employee from on or about March 08, 2019, through approximately June 6, 2019, or 13 weeks.

48. Plaintiff was hired as a line cook, and he was paid a salary of $1,425.00 weekly.

49. On or about May 5, 2019, Defendants reduced Plaintiff's salary to $1,052.00 weekly.

50. Plaintiff worked five (5) days per week a regular schedule a total of 51.5 hours per week.

51. Plaintiff worked in excess of 40 hours weekly regularly. However, Defendants failed to pay Plaintiff overtime hours at the rate of time and a half his regular rate. Plaintiff was paid for all his working hours, but at his regular rate.

52. Plaintiff did not clock-in and out, but Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals, because Plaintiff worked under closed supervision and received orders from the owner of the business FILOMENO GIANNINO.

53. Plaintiff was paid weekly with checks and paystubs that did not provide information about the number of days and hours worked.

54. On or about June 6, 2019, Defendants terminated Plaintiff's employment due to discriminatory reasons.

55. At the time of his termination, Plaintiff was not paid for his last week of work. Plaintiff worked 51.5 hours that were not compensated at any rate, not even at the minimum wage rate, as established by the Fair Labor Standards Act.

56. Therefore, Defendants failed to pay Plaintiff minimum wages, in violation of the Fair Labor Standards Act of 1938 (29 U.S.C. §206 (a)).

57. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

58. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

59. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

60. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Florida minimum wage 2019 is $8.46 which is higher than Federal minimum wage, as per FLSA regulations the higher minimum wage rate applies.

    a.   Total amount of alleged unpaid wages:

Four Hundred Thirty-Five Dollars and 69/100 ($435.69)

   b.  Calculation of such wages:

Total relevant weeks of employment: 1 weeks
Total number of unpaid hours: 51.5 hours
Florida minimum wage 2019: $8.46

FL minimum wage $8.46 x 51.5 hours=$435.69

   c.  Nature of wages:

This amount represents unpaid regular wages at Florida Min. wage rate

61. Defendants GIANNINO'S TRATTORIA and FILOMENO GIANNINO unlawfully failed

to pay Plaintiff minimum wages.  Plaintiff seeks to recover for minimum wage violations.

62. Defendants GIANNINO'S TRATTORIA and FILOMENO GIANNINO knew and/or

showed reckless disregard of the provisions of the Act concerning the payment of minimum

wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those

similarly-situated these minimum wages since the commencement of Plaintiff and those

similarly-situated employees' employment with Defendant as set forth above, and Plaintiff

and those similarly-situated are entitled to recover double damages.

63. At the times mentioned, individual Defendant FILOMENO GIANNINO was and is now,

the owner/partner and operator of GIANNINO'S TRATTORIA. The Defendant

FILOMENO GIANNINO was the employer of Plaintiff and others similarly situated

within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

In that, this individual Defendant acted directly in the interests of GIANNINO'S

TRATTORIA in relation to its employees, including Plaintiff and others similarly situated.

Defendant FILOMENO GIANNINO had financial and operational control of the business,

determined working conditions of Plaintiff, and is jointly and severally liable for Plaintiff's damages.

64. Defendants GIANNINO'S TRATTORIA and FILOMENO GIANNINO willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages.

65. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff ROBINSON A. CASTRO and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ROBINSON A. CASTRO and against the Defendants GIANNINO'S TRATTORIA and FILOMENO GIANNINO based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff ROBINSON A. CASTRO and those similarly situated demand trial by jury of all issues triable as of right by jury.

DATED: August 23, 2019

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*